UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE EDUCATION CREDIT UNION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Civil Case No. __4:15-CV-2583__ |
| | § | |
| GREAT NORTHERN INSURANCE | § | |
| COMPANY, UNIFIED BUILDING | § | |
| SCIENCES, INC. AND JOSEPH | § | |
| GORDON, | § | |
| | § | |
| Defendants. | § | |

### DEFENDANT GREAT NORTHERN INSURANCE COMPANY'S
### NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Great Northern Insurance Company ("Great Northern") respectfully petitions this Court for removal of the above-entitled action to the United States District Court for the Southern District of Texas from the 113th Judicial District Court of Harris County, Texas and for its Notice of Removal states:

### I.
### REMOVAL JURISDICTION

1. This action, entitled *The Education Credit Union v. Great Northern Insurance Company, Unified Building Sciences, Inc. and Joseph Gordon,* and pending in the 113th Judicial District Court of Harris County, Texas, Cause No. 2015-43216 was commenced against Great Northern, Unified Building Sciences, Inc. ("UBS") and Joseph Gordon ("Gordon") via the filing of Plaintiff's Original Petition on or about July 24, 2015.

2. Great Northern received the citation and Petition via service through their registered agent on August 10, 2015. Accordingly this notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b).

3. Plaintiff alleges causes of action against Great Northern for breach of contract, violations of the Texas Insurance Code and breach of the duty of good faith and fair dealing. *See* Exhibit A (Plaintiff's Original Petition) at 12-15. Plaintiff sues Defendants Unified and Gordon for violations of the Texas Insurance Code. *See* Exhibit A at 8-11. Plaintiff seeks actual damages, consequential damages, treble damages, compensatory damages, exemplary damages, attorney's fees, court costs, 18% statutory penalty damages, pre-judgment and post-judgment interest. *See* Exhibit A at 15-16.

4. On information and belief, Plaintiff is a Texas corporation with its principal place of business in Texas. Great Northern is an Indiana corporation with its principal place of business in New Jersey. UBS is a Texas corporation doing business in Texas. Gordon is a resident of Texas. Both UBS and Gordon have been improperly joined and the citizenship of each should be disregarded for the purposes of determining diversity jurisdiction. Thus, removal is proper because there is complete diversity between the properly-named parties under 28 U.S.C. § 1332.

5. The doctrine of fraudulent or improper joinder allows a Court to disregard citizenship of a non-diverse defendant when: (1) there is actual fraud in the pleading of jurisdictional facts; or (2) a plaintiff cannot establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5TH Cir. 2004). When determining if the second ground for improper joinder is met, the Court evaluates the pleading under a Fed. R. Civ. P. 12(b)(6)

analysis to determine if there is a "reasonable basis" to support plaintiff's claim against the non-diverse party. *Moore v. State Farm Mut. Auto. Ins. Co.*, 2012 U.S. Dist. LEXIS 127564, *8-9 (S.D. Tex. September 6, 2012) (citing *Smallwood*, 385 F.3d at 573; *Campbell v. Stone, Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)). A theoretical basis is not sufficient and there must be a "factual fit between the plaintiff's allegation and the pleaded theory of recovery." *Moore*, 2012 U.S. Dist. LEXIS 127564, *8-9 (citing *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461-62 (5th Cir. 2003); quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)).

6. Plaintiff's pleaded facts fail to provide a reasonable basis to conclude Plaintiff has a valid cause of action against UBS and Gordon. Great Northern further asserts that the Court may pierce the pleadings to conduct at summary inquiry to determine whether Plaintiff has misstated or omitted discrete facts that would determine the propriety of joinder. *See Smallwood*, 385 F.3d at 573.

7. Since Plaintiff has no pleaded facts which fit a properly pleaded theory of recovery, there is no reasonable basis for this Court to conclude Plaintiff has a valid claim against UBS or Gordon. Given this, the Court should disregard UBS's and Gordon's citizenship for purposes of the removal determination.

8. Plaintiff asserts its damages are in excess of $1,000,000. *See* Exhibit A at 2. Thus, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because this district and division embrace the place which the removed state court action is pending.

10. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Great Northern in the state court action are attached to this notice. *See* Exhibit B.

11. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this notice of removal will promptly be given to all parties and to the clerk of the 113[h] District Court of Harris County, Texas.

12. Pursuant to Federal Rule of Civil Procedure 38, Great Northern demands a trial by jury.

## II.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Great Northern respectfully gives notice that this state court action has been removed and placed on this Court's docket for further proceedings. Great Northern further requests any additional relief to which it may be justly entitled.

Respectfully submitted,

s/ Jennifer G. Martin
**JENNIFER G. MARTIN**, Attorney-in-Charge
  Texas State Bar No. 00794233
  S.D. Tex. Bar No.   20770

**SCHELL COOLEY LLP**
15455 Dallas Parkway, Suite 550
Addison, Texas  75001
(214) 665-2000
(214) 754-0060 – Fax
Email: jmartin@schellcooley.com

**ATTORNEYS FOR GREAT NORTHERN INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record in accordance with the Federal Rules of Civil Procedure, on this the **8th** day of **September, 2015.**

Daniel P. Barton
Email: dbarton@bartonlawgroup.com
Wayne D. Collins
Email: wcollins@bartonlawgroup.com
Barton Law Group
1201 Shepherd Drive
Houston, TX 77007

Robert D. Green
Email:green@grenntriallaw.com
Hunter M. Klein
Email: klein@greentriallaw.com
Robert D. Green & Associates, P.C.
440 Louisiana Street, Suite 1930
Houston, TX 77002

                                             **/s/Jennifer G. Martin**
                                             **JENNIFER G. MARTIN**