# EXHIBIT B

**HCDistrictclerk.com**     EDUCATION CREDIT UNION vs. GREAT NORTHERN     9/4/2015
                            INSURANCE COMPANY
                            Cause: 201543216     CDI: 7     Court: 113

**APPEALS**
No Appeals found.

**COST STATMENTS**
No Cost Statments found.

**TRANSFERS**
No Transfers found.

**POST TRIAL WRITS**
No Post Trial Writs found.

**ABSTRACTS**
No Abstracts found.

**SETTINGS**
No Settings found.

**NOTICES**
No Notices found.

**SUMMARY**

| CASE DETAILS | | COURT DETAILS | |
|---|---|---|---|
| **File Date** | 7/24/2015 | **Court** | 113ᵗʰ |
| **Case (Cause) Location** | Civil Intake 1st Floor | **Address** | 201 CAROLINE (Floor: 10) |
| **Case (Cause) Status** | Active - Civil | | HOUSTON, TX 77002 |
| **Case (Cause) Type** | Insurance | | Phone:7133686113 |
| **Next/Last Setting Date** | N/A | **JudgeName** | MICHAEL LANDRUM |
| **Jury Fee Paid Date** | 7/27/2015 | **Court Type** | Civil |

**ACTIVE PARTIES**

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| EDUCATION CREDIT UNION | PLAINTIFF - CIVIL | | BARTON, DANIEL PATRICK |
| 1201 SHEPHERD DRIVE, HOUSTON, TX 77007 | | | |
| GREAT NORTHERN INSURANCE COMPANY | DEFENDANT - CIVIL | | MARTIN, JENNIFER GOSSOM |

| UNIFIED BUILDING SCIENCES INC | DEFENDANT - CIVIL | MARTIN, JENNIFER GOSSOM |
| GORDON, JOSEPH | DEFENDANT - CIVIL | MARTIN, JENNIFER GOSSOM |

2800 POST OAK BOULEVARD SUITE 2400,, HOUSTON, TX 77056

GREAT NORTHERN INSURANCE COMPANY MAY REGISTERED AGENT
BE SERVED BY SERVING ITS

UNIFIED BUILDING SCIENCES INC MAY BE    REGISTERED AGENT
SERVED BY SERVING ITS REGISTERED

## INACTIVE PARTIES

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|------------------|-----------------|---------------|
| 8/31/2015 | ANSWER ORIGINAL PETITION | | 0 | | MARTIN, JENNIFER GOSSOM | GREAT NORTHERN INSURANCE COMPANY |
| 8/31/2015 | ANSWER ORIGINAL PETITION | | 0 | | MARTIN, JENNIFER GOSSOM | GORDON, JOSEPH |
| 8/31/2015 | ANSWER ORIGINAL PETITION | | 0 | | MARTIN, JENNIFER GOSSOM | UNIFIED BUILDING SCIENCES INC |
| 7/24/2015 | JURY FEE PAID (TRCP 216) | | 0 | | | |
| 7/24/2015 | ORIGINAL PETITION | | 0 | | BARTON, DANIEL PATRICK | EDUCATION CREDIT UNION |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | De To |
|------|--------|------------|--------|-----------|--------|--------|----------|----------|----------|-------|
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | GREAT NORTHERN INSURANCE COMPANY MAY BE SERVED BY SERVING ITS | 7/24/2015 | 7/28/2015 | 8/11/2015 | 8/14/2015 | | 73153465 | MA AT |
| CITATION | SERVICE CORPORATE RETURN/EXECUTED | ORIGINAL PETITION | UNIFIED BUILDING SCIENCES INC MAY BE SERVED BY SERVING ITS REGISTERED | 7/24/2015 | 7/28/2015 | 8/12/2015 | | | 73153466 | MA AT |
| CITATION | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | GORDON, JOSEPH | 7/24/2015 | 7/28/2015 | | | | 73153468 | MA AT |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 66826097 | Great Northern Insurance Company, Unified Building Sciences Inc and Joseph Gordon's Original Answer | | 08/31/2015 | 2 |

| 66697362 | Citation Corporate | 08/20/2015 | 2 |
| 66620163 | Return of Citation Service-Great Northern Insurance Company | 08/14/2015 | 2 |
| 66366225 | plaintiff's Original Petition | 07/24/2015 | 17 |
| 66366226 | Civil Information Sheet | 07/24/2015 | 1 |

| **HCDistrictclerk.com** | EDUCATION CREDIT UNION vs. GREAT NORTHERN INSURANCE COMPANY | | 9/4/2015 |
|---|---|---|---|
| | Cause: 201543216 | CDI: 7    Court: 113 | |

## NOTICES

No Notices found.

## SERVICES

| Type | Status | Instrument Person | | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | GREAT NORTHERN INSURANCE COMPANY MAY BE SERVED BY SERVING ITS | 7/24/2015 | 7/28/2015 | 8/11/2015 | 8/14/2015 | | 73153465 | MAIL TO ATTORNEY |
| CITATION CORPORATE | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | UNIFIED BUILDING SCIENCES INC MAY BE SERVED BY SERVING ITS REGISTERED | 7/24/2015 | 7/28/2015 | 8/12/2015 | | | 73153466 | MAIL TO ATTORNEY |
| CITATION | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | GORDON, JOSEPH | 7/24/2015 | 7/28/2015 | | | | 73153468 | MAIL TO ATTORNEY |

7/24/2015 6:07:53 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 6223198
By: DEWALT, SHERRYL
Filed: 7/24/2015 6:07:53 PM

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* **2015-43216 / Court:** *COURT (FOR CLERK USE ONLY):* **113**

STYLED The Education Credit Union v. Great Northern Insurance Company, Unified Building Sciences, Inc., and Joseph Gordan

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Daniel P. Barton | Email:<br>lea@bartonlawgroup.com | Plaintiff(s)/Petitioner(s):<br>The Education Credit Union | ☒Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: |
| Address:<br>1201 Shepherd Drive | Telephone:<br>713-227-4747 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br>Houston, Texas 77007 | Fax:<br>713-621-5900 | Defendant(s)/Respondent(s):<br>Great Northern Insurance Company<br>Unified Building Sciences, Inc., | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature: | State Bar No:<br>00789774 | and Joseph Gordon | Presumed Father: |
| | | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case *(select only 1):***

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☒Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional Liability:<br><br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability<br>List Product:<br><br>☐Other Injury or Damage: | ☐Eminent Domain/<br>Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br><br>**Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—Pre-indictment<br>☐Other: | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children<br><br>**Other Family Law**<br>☐Enforce Foreign Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities of Minority<br>☐Other: | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental Rights<br>☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: | | |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought *(do not select if it is a family law case)*:**

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100,000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☒Over $1,000,000

Rev. 2/13

Certified Document Number: 66366226 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this  September 4, 2015

Certified Document Number:        66366226 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

8/14/2015 9:25:08 AM
Chris Daniel - District Clerk Harris County
Envelope No. 6496168
By: SHELLEY BOONE
Filed: 8/14/2015 9:25:08 AM

CAUSE NO. 201543216   41481-3

|  | RECEIPT NO. | 0.00 | MTA |
|---|---|---|---|
|  | ********** |  | TR # 73153465 |

PLAINTIFF: EDUCATION CREDIT UNION
vs.
DEFENDANT: GREAT NORTHERN INSURANCE COMPANY

In The 113th
Judicial District Court
of Harris County, Texas
113TH DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: GREAT NORTHERN INSURANCE COMPANY MAY BE SERVED BY SERVING ITS
    REGISTERED AGENT CT CORPORATION SYSTEM
    350 NORTH ST PAUL STREET   DALLAS TX 75201

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 24th day of July, 2015, in the above cited cause number
and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 28th day of July, 2015, under my hand and
seal of said Court.

Issued at request of:
BARTON, DANIEL PATRICK
1201 SHEPHERD DRIVE
HOUSTON, TX 77007
Tel: (713) 227-4747
Bar No.: 789774

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline   Houston, Texas 77002
P.O. Box 4651, Houston, Texas 77210)

GENERATED BY: RICHARDSON, SHANIECE   AML//10153620

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ 9 o'clock _A_ .M., on the _7_ day of _August_, _2015_.
Executed at (address) 1999 Bryan Street, suite 900, Dallas, Tx. 75201 in
_Dallas_ County at _9_ o'clock _A_ .M., on the 11th day of August,
2015, by delivering to Great Northern Insurance Company Registered Agent CT Corp
true copy of this Citation together with the accompanying _____ defendant, in person, a
                                                                                         copy(ies) of the
                                                                                         Petition
attached thereto and I endorsed on said copy of the citation the date of delivery.
To certify which I affix my hand officially this _13_ day of August, 2015.

Fee: $_____

_____ of _____ County, Texas

SCW 3036
Affiant exp. 9/18/16

By _____
      Deputy

On this day, _Joseph Moise_, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 13th day of August, 2015

Notary Public

ADRIAN LIRA
Notary Public, State of Texas
My Commission Exp. █████████
March 04, 2019

N.INT.CITR.P

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Great Northern Insurance Company
CT Corporation System
1999 Bryan St., Suite 900
Dallas, Tx. 75201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   Chris Wells   C. Date of Delivery   AUG 10 2015

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

41481-3

3. Service Type
   ☑ Certified Mail®   ☐ Priority Mail Express™
   ☐ Registered   ☑ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7002 3150 0001 4410 1481

PS Form 3811, July 2013          Domestic Return Receipt

Certified Document Number: 66620163 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this  September 4, 2015

Certified Document Number:        66620163 Total Pages: 2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

8/20/2015 9:17:43 AM
Chris Daniel - District Clerk Harris County
Envelope No. 6574715
By: DELTON ARNIC
Filed: 8/20/2015 9:17:43 AM

41481-2

RECEIPT NUMBER
TRACKING NUMBER    73153466           HTA

CAUSE NUMBER    201543216

| PLAINTIFF: EDUCATION CREDIT UNION | In The      113th |
|---|---|
| VS. | Judicial District Court of |
| DEFENDANT:   GREAT NORTHERN INSURANCE COMPANY | Harris County, Texas |

CITATION CORPORATE

THE STATE OF TEXAS
County of Harris

   TO: UNIFIED BUILDING SCIENCES INC MAY BE SERVED BY SERVING ITS REGISTERED
   AGENT BRETT A LOCHRIDGE

   209 EAST GREENBRIAR LANE  DALLAS TX 75203

   Attached is a copy of ___PLAINTIFF'S ORIGINAL PETITION___

This instrument was filed on the ___24th___ day of ___July___, 20__15__, in the
above cited cause number and court. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED; you may employ an attorney. If you or yourattorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

   This Citation was issued under my hand  and seal of said Court, at Houston, Texas, this ___28th___ day of
___July___, 20__15__.

Issued at request of:
BARTON, DANIEL PATRICK
1201 SHEPHERD DRIVE
HOUSTON, TX 77007
Tel: (713) 227-4747
Bar Number:  789774

*Chris Daniel*
CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O. Box 4651, Houston, Texas 77210

Generated by: RICHARDSON, SHANIECE    A4L//1015362

OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the ___7___ day of ___August___, 20 15, at ___7___ o'clock ___A___.M., endorsed
the date of delivery thereon, and executed it at ___209 E Greenbriar Lane___, ___Dallas___,
                                                        (street address)                          (city)
in ___Dallas___ County, Texas on the ___12th___ day of ___August___, 20 15, at ___11:29___ o'clock ___A___. M.,
by delivering to ___Unified Building Sciences Inc___, by delivering to its
                  (the defendant corporation named in citation)
___Registered Agent___, in person, whose  name is ___Brett A Lochridge___
(registered agent, president, or vice-president)
a true copy of this citation, with a copy of the ___Plaintiff's original Petition___ Petition attached,
                                                (description of petition, e.g., "Plaintiffs Original"
and with accompanying copies of _____.
                                    (additional documents, if any, delivered with the petition)
I certify that the facts stated in this return are true by my signature below on the ___19___ day of ___August___, 20 15.

FEE: $ _____                     By: _____
                                            (signature of officer)
                                   Printed Name: _____

___SCh 3086___                     As Deputy for: _____
Affiant Other Than Officer  Exp: 9/30/16              (printed name & title of sheriff or constable)

On this day, ___Joseph Morse___, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this ___19___ day of ___August___, 20 15

                                                      Notary Public

N.INT.CITC.P



ADRIAN LIRA
Notary Public, State of Texas
My Commission Expires
March 04, 2019

Certified Document Number: 66697362 - Page 1 of 2

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Leigh Norris_  ☐ Agent  ☐ Addressee<br>B. Received by *(Printed Name)*  C. Date of Delivery<br>LEIGH NORRIS |
| 1. Article Addressed to:<br>Unified Building Sciences, Inc<br>Brett A Lochlidge<br>209 East Greenbriar Lane<br>Dallas, TX. 75203 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☑ No<br><br>4/481-2<br><br>3. Service Type<br>☑ Certified Mail®  ☐ Priority Mail Express™<br>☐ Registered  ☑ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ Collect on Delivery<br>4. Restricted Delivery? *(Extra Fee)*  ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)* | 7002 3150 0001 4410 1498 |
| PS Form 3811, July 2013 | Domestic Return Receipt |



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   September 4, 2015

Certified Document Number:        66697362 Total Pages: 2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

## 2015-43216 / Court: 113

7/24/2015 6:07:53 PM
Chris Daniel - District Clerk Harris County
Envelope No. 6223198
By: Sherryl Dewalt
Filed: 7/24/2015 6:07:53 PM

CAUSE NO. _____

| | | |
|---|---|---|
| THE EDUCATION CREDIT UNION<br>*Plaintiff,* | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§<br>§ | HARRIS COUNTY, TEXAS |
| GREAT NORTHERN INSURANCE<br>COMPANY, UNIFIED BUILDING<br>SCIENCES, INC. and JOSEPH GORDON<br>*Defendants.* | §<br>§<br>§<br>§<br>§ | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, The Education Credit Union, hereinafter referred to as Plaintiff, complaining of Great Northern Insurance Company ("Great Northern"), Unified Building Sciences, Inc. ("UBS") and Joseph Gordon ("Gordon") (hereinafter collectively referred to as "Defendants") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.      Plaintiff is an entity doing business in Potter County, Texas and Randall County, Texas.

3.    Defendant Great Northern is a foreign insurance company engaging in the business of insurance in the State of Texas. This Defendant may be served with process by serving its registered agent for service: CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

4.    Defendant Unified Building Sciences, Inc. is a domestic for-profit corporation in the business of adjusting insurance claims in the State of Texas. This Defendant may be served with process by serving its registered agent for service: Brett A. Lochridge, 209 East Greenbriar Lane, Dallas, Texas 75203.

5.    Defendant Joseph Gordon is an individual residing in Harris County, Texas and may be served with process at the following address: 2800 Post Oak Boulevard, Suite 2400, Houston, Texas 77056.

6.    The Clerk is requested to issue Citations.

**JURISDICTION**

7.    Plaintiff stipulates that the damages in this matter are over $1,000,000, excluding interest and costs, and that the damages are within the jurisdictional limits of the court. Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. 47.

8.    The court has jurisdiction over Defendant Great Northern because this Defendant engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

9.    The court has jurisdiction over Defendant UBS because this Defendant engages in the business of adjusting insurance claims in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

10.     The court has jurisdiction over Defendant Gordon because this Defendant engages in the business of adjusting insurance claims in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

## VENUE

11.     Venue is proper in Harris County, Texas, because Defendant Gordon's residence at the time the cause of action accrued was in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2).

## FACTS

12.     Plaintiff is the owner of a Texas insurance policy (hereinafter referred to as "the Policy"), which was issued by Defendant Great Northern. Plaintiff owns the insured properties, which are specifically located at:

**1801 FM 2381, Bushland, Texas 79012;**

**2100 4ᵗʰ Avenue, Canyon, Texas 79105;**

**4400 West Interstate 40, Amarillo, Texas 79106;**

**6201 Hillside Road, Amarillo, Texas 79109; and**

**6203 Hillside Road, Amarillo, Texas 79109 (hereinafter referred to as "the**

**Properties").**

13.     Defendant Great Northern sold the Policy insuring the Properties to Plaintiff.

14.     On or about May 28, 2013, Plaintiff experienced a storm event which caused substantial damage to the Properties and constituted a covered loss under the Policy issued by Defendant Great Northern. Plaintiff subsequently opened a claim for each property and Defendant Great Northern assigned Defendants UBS and Gordon to adjust the claims.

Defendant Great Northern wrongfully underpaid Plaintiff's claims and refused to issue a full and fair payment for the loss.

15.     Defendant UBS was an employee and/or agent of Defendant Great Northern and was acting in furtherance of the business of Defendant Great Northern at all times material while adjusting the Claim. Defendant UBS subsequently assigned Randy Heddin, a Texas-based Adjuster, to inspect Plaintiff's Properties. Mr. Heddin produced estimates on behalf of Defendant UBS which Defendant Great Northern relied on to evaluate the damages sustained to Plaintiff's properties. Mr. Heddin does not currently hold an active adjusting license in the State of Texas. In fact, according to the Texas Department of Insurance, Mr. Heddin's license expired in 1998.

16.     Defendants UBS and Gordon made numerous errors in estimating the value of Plaintiff's claims, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant UBS and Defendant Gordon failed to fully quantify Plaintiff's damages. Defendant UBS and Defendant Gordon did not conduct a thorough investigation of the claims. For example, despite multiple indentations to the roof caused by hail, Defendant UBS misrepresented to Plaintiff the extent of damage to the Property located at 2100 4th Avenue and attempted to attribute damage to age, deterioration and foot traffic and not hail. The damages Defendant UBS included in its estimates were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained to the Properties. This compelled Plaintiff's to hire its own public adjuster, who began negotiations with the insurer on behalf of Plaintiff and presented an estimate of damages to the Properties that were significantly above that estimated by Defendants UBS and Gordon. After receipt of Plaintiff's public adjuster's estimate, on February 24, 2015, Defendant Gordon submitted a payment which was

grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained to the Properties.   Additionally, on July 14, 2015, Defendant Gordon submitted a second payment for damages that were "inadvertently left off" his February 25, 2015 adjustment.   Further, Defendant Gordon has provided no evidence of any prejudice caused by Plaintiff's alleged late notice.   On February 24, 2015 and July 14, 2015, Defendant Gordon submitted a baseless reservation or rights letter.   As a result of Defendant UBS's and Defendant Gordon's conduct, Plaintiff's claims were underpaid.

17.   Defendant Great Northern failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy in effect during Plaintiff's loss.   Specifically, Defendant refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been carried out and accomplished by Plaintiff.   Defendant Great Northern's conduct constitutes a breach of the insurance contract between Defendant Great Northern and Plaintiff.

18.   Defendants misrepresented to Plaintiff that the damage to the Properties were not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX.INS.CODE §541.060(a)(1).

19.   Defendants failed to make an attempt to settle Plaintiff's claims in a fair manner, although Defendants were aware of their liability to Plaintiff under the Policy.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(2)(a).

*Plaintiff's Original Petition*                                                                                                       Page 5

20.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's claims. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(3).

21.     Defendants failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(4).

22.     Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's claims, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's loss on the Properties. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(7).

23.     Defendant Great Northern failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claims, beginning an investigation of Plaintiff's claims and requesting all information reasonably necessary to investigate Plaintiff's claims within the statutorily mandated time of receiving notice of Plaintiff's claims. Defendant

Great Northern's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.055.

24.     Defendant Great Northern failed to accept or deny Plaintiff's full and entire claims within the statutorily mandated time of receiving all necessary information. Defendant Great Northern's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.056.

25.     Defendant Great Northern failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant Great Northern has delayed full payment of Plaintiff's claims longer than allowed and, to date, Plaintiff has not yet received full payment for its claims. Defendant Great Northern's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §541.058.

26.     From and after the time Plaintiff's claims were presented to Defendant Great Northern, the liability of Defendant Great Northern to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendant Great Northern has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant Great Northern's conduct constitutes a breach of the common law duty of good faith and fair dealing.

27.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

28.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## CAUSES OF ACTION

### CAUSES OF ACTION AGAINST DEFENDANT UBS

#### TEXAS INSURANCE CODE VIOLATIONS

29.     Defendant UBS's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

30.     Defendant UBS is individually liable for its unfair and deceptive acts, irrespective of the fact it was acting on behalf of Defendant Great Northern, because individually, it meets the definition of a "person" as defined by TEX.INS.CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX.INS.CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

31.     Defendant UBS's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

32.     Defendant UBS's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition

Certified Document Number: 66366225 - Page 8 of 17

Case 4:15-cv-02583 Document 1-2 Filed in TXSD on 09/08/15 Page 22 of 34

and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

33. The unfair settlement practice of Defendant UBS as described above, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

34. Defendant UBS's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

35. Defendant UBS's unfair settlement practice, as described above, of refusing to pay Plaintiff's claims without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

36. Defendant UBS's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant UBS refused to even offer more than his own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

Certified Document Number: 66366225 - Page 9 of 17

*Plaintiff's Original Petition*                                                                                      Page 9

## CAUSES OF ACTION

### CAUSES OF ACTION AGAINST DEFENDANT GORDON

### TEXAS INSURANCE CODE VIOLATIONS

37.     Defendant Gordon's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

38.     Defendant Gordon is individually liable for her unfair and deceptive acts, irrespective of the fact she was acting on behalf of Defendant Great Northern, because individually, she meets the definition of a "person" as defined by TEX.INS.CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX.INS.CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

39.     Defendant Gordon's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

40.     Defendant Gordon's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition

and an unfair and deceptive act or practice in the business of insurance. Tex.Ins.Code §541.060(2)(A).

41.     The unfair settlement practice of Defendant Gordon as described above, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex.Ins.Code §541.060(3).

42.     Defendant Gordon's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex.Ins.Code §541.060(4).

43.     Defendant Gordon's unfair settlement practice, as described above, of refusing to pay Plaintiff's claims without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex.Ins.Code §541.060(7).

44.     Defendant Gordon's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant Gordon refused to even offer more than her own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. Tex.Ins.Code §542.003(5).

## CAUSES OF ACTION AGAINST DEFENDANT GREAT NORTHERN

45.     Defendant Great Northern is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

46.     Defendant Great Northern's conduct constitutes a breach of the insurance contract made between Defendant Great Northern and Plaintiff.

47.     Defendant Great Northern's failure and refusal, as described above, to pay the adequate compensation it is obligated to pay under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant Great Northern insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

48.     Defendant Great Northern's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

49.     Defendant Great Northern's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

50.     Defendant Great Northern's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant Great Northern's liability under the Policy was reasonably clear,

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

51.   Defendant Great Northern's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

52.   Defendant Great Northern's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

53.   Defendant Great Northern's unfair settlement practice, as described above, of refusing to pay Plaintiff's claims without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

54.   Defendant Great Northern's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant Great Northern refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

Certified Document Number: 66366225 - Page 13 of 17

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

55.     Defendant Great Northern's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX.INS.CODE §542.060.

56.     Defendant Great Northern's failure to acknowledge receipt of Plaintiff's claims, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX.INS.CODE §541.055.

57.     Defendant Great Northern's failure to notify Plaintiff in writing of its acceptance or rejection of the claims within the applicable time constraints, constitutes a non-prompt payment of the claims within the applicable time constraints and a violation of the TEX.INS.CODE §541.056.

58.     Defendant Great Northern's delay of the payment of Plaintiff's claims following its receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claims. TEX.INS.CODE §541.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

59.     Defendant Great Northern's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

60.     Defendant Great Northern's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claims, although, at that time, Defendant Great

Northern knew or should have known by the exercise of reasonable diligence that its liability was reasonable clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

61. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

62. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

63. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of its claims, together with attorney fees.

64. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX.INS.CODE §541.152.

65. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claims, as well as eighteen (18) percent interest per annum of the amount of its claims as damages, together with attorney's fees. TEX.INS.CODE §542.060.

66. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach

of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

67.     For the prosecution and collection of these claims, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

<h2 style="text-align:center">JURY DEMAND</h2>

68.     Plaintiff hereby requests that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the appropriate jury fee.

<h2 style="text-align:center">REQUEST FOR DISCLOSURE</h2>

69.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2.

<h2 style="text-align:center">PRAYER</h2>

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

Certified Document Number: 66366225 - Page 16 of 17

Respectfully submitted,

**BARTON LAW FIRM**

By: */s/ Daniel P. Barton*
    DANIEL P. BARTON
    State Bar No.: 00789774
    WAYNE D. COLLINS
    State Bar No.: 00796384
    1201 Shepherd Drive
    Houston, Texas 77007
    (713) 227-4747- Telephone
    (713) 621-5900- Fax
    dbarton@bartonlawgroup.com
    wcollins@bartonlawgroup.com

**ATTORNEYS FOR PLAINTIFF**

**ROBERT D. GREEN & ASSOCIATES, P.C.**

By: */s/ Robert D. Green*
    ROBERT D. GREEN
    State Bar No.: 08368025
    HUNTER M. KLEIN
    State Bar No.: 24082117
    440 Louisiana Street, Suite 1930
    Houston, Texas 77002
    (713) 654-9222- Telephone
    (713) 654-2155- Fax
    green@grenntriallaw.com
    klein@greentriallaw.com

**ATTORNEYS FOR PLAINTIFF**



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   September 4, 2015

Certified Document Number:          66366225 Total Pages:  17

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

8/31/2015 8:26:50 AM
Chris Daniel - District Clerk Harris County
Envelope No. 6714815
By: SHELLEY BOONE
Filed: 8/31/2015 8:26:50 AM

**CAUSE NO. 2015-43216**

| | | |
|---|---|---|
| THE EDUCATION CREDIT UNION | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **GREAT NORTHERN INSURANCE** | § | |
| **COMPANY, UNIFIED BUILDING** | § | |
| **SCIENCES, INC. AND JOSEPH GORDON** | § | |
| | § | |
| **Defendants.** | § | **113TH JUDICIAL DISTRICT** |

## GREAT NORTHERN INSURANCE COMPANY, UNIFIED BUILDING SCIENCES, INC. AND JOSEPH GORDON'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Great Northern Insurance Company, Unified Building Sciences, Inc. and Joseph

Gordon files this Original Answer to Plaintiff's Original Petition and would show the Court as

follows:

### I.

### GENERAL DENIAL

Pursuant to Rule 92, Texas Rules of Civil Procedure, Great Northern Insurance Company,

Unified Building Sciences, Inc.  and Joseph Gordon generally deny each and every  allegation of

Plaintiffs' Original Petition and demands strict proof thereof.

### II.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Great Northern Insurance Company, Unified

Building Sciences, Inc. and Joseph Gordon respectfully pray that Plaintiff take nothing by their suit

herein; that Great Northern Insurance Company, Unified Building Sciences, Inc. and Joseph Gordon

GREAT NORTHERN INSURANCE COMPANY, UNIFIED BUILDING SCIENCES, INC.
AND JOSEPH GORDON'S ORIGINAL ANSWER
496267.1/565.EducationCU                                                                          Page 1

Certified Document Number: 66826097 - Page 1 of 2

recover their attorney's fees and court costs, and that Great Northern Insurance Company, Unified

Building Sciences, Inc. and Joseph Gordon be granted such other and further relief, at law and in

equity, to which they may be justly entitled.

Respectfully submitted,

/s/ **Jennifer G. Martin**
**JENNIFER G. MARTIN**
State Bar No. 00794233
Email: jmartin@schellcooley.com

**SCHELL COOLEY LLP**
15455 Dallas Parkway, Suite 550
Addison, Texas 75001
(214) 665-2000
(214) 754-0060 FAX

**ATTORNEY FOR DEFENDANTS**
**GREAT NORTHERN INSURANCE**
**COMPANY AND JOSEPH GORDON**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document was forwarded to all counsel of record in accordance with the Texas Rules of Civil Procedure on this **31st** day of **August, 2015.**

/s/**Jennifer G. Martin**
**JENNIFER G. MARTIN**

GREAT NORTHERN INSURANCE COMPANY, UNIFIED BUILDING SCIENCES, INC.
AND JOSEPH GORDON'S ORIGINAL ANSWER
496267.1/565.EducationCU                                                    Page 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this September 4, 2015

Certified Document Number:          66826097 Total Pages: 2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**